# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8866 | **DATE** | 12/19/2011 |
| **CASE TITLE** | United States of America ex rel. Maurice J. McDonald (B42547) vs. People of the State of Illinois | | |

## DOCKET ENTRY TEXT

Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The filing fee is waived. Petitioner's motion for counsel (Dkt. No. 4), and any other pending motions are dismissed as moot. Petitioner's present custodian, Mike Atchison, Warden, Menard Correctional Center, is substituted in place of the named respondents, The People of the State of Illinois and Warden IDOC. The petition for a writ of habeas corpus (Dkt. No. 1), is dismissed without prejudice as an unauthorized second or successive petition. 28 U.S.C. § 2244(b). Civil Case Terminated.

*Suzanne B. Conlon*

■ [ For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

  Pro se petitioner Maurice J. McDonald, presently a prisoner at the Menard Correctional Center, has brought a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Circuit Court of Cook County murder and armed robbery convictions. (Dkt. No. 1). Petitioner was found guilty of stabbing Lester Coats, a drug dealer from Chicago's Southside, and his girlfriend, Brenda Robertson, in February 1983. *United States ex rel. McDonald v. Hulick*, No. 06 C 5762, 2007 WL 967934, at *1 (N.D. Ill. Mar. 28, 2007) (citing *Illinois v. McDonald*, 660 N.E.2d 832 (Ill. 1995)). He also stole their money, jewelry and food stamps. *Id.* Petitioner was sentenced to death and 60 years imprisonment for the murder and robbery convictions, respectively. *Id.* The death sentence was commuted to life imprisonment as part of the clemency for all Illinois death row inmates by then-Governor George Ryan in 2003. *Id.*

  The Court's review of the docket shows that petitioner has brought four separate habeas corpus petitions challenging his convictions over the past fifteen years: *United States ex rel. McDonald v. Gambling*, No. 95 C 7290 (N.D. Ill.), *United States ex rel. McDonald v. Pontiac Corr. Ctr.*, No. 02 C 9454 (N.D. Ill.), *McDonald v. Hulick*, No. 06 C 5762 (N.D. Ill.), and the present case.

  A district court lacks subject matter jurisdiction to adjudicate an unauthorized second or successive habeas corpus petition. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011). A prisoner is limited to one merits challenge to his state court judgment. *Magwood v. Patterson*, 130 S Ct. 2788, 2796 (2010); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). In contrast, a habeas petition that is dismissed for a non merits reasons, such as failure to exhaust an available state court remedy, does not count towards the prohibition on unauthorized second or successive habeas corpus petitions. *Pavlovsky*, 431 F.3d at 1064. A prisoner must receive prior approval from the Court of Appeals to bring a second or successive habeas corpus petition. 28 U.S.C. § 2244(b)(2).

## STATEMENT

The Nos. 95 C 7290 and 02 C 9454 cases were dismissed without prejudice for failure to exhaust petitioner's then pending state court remedies, and so these dismissals do not count towards the prohibition on unauthorized second or successive petitions. *Pavlovsky*, 431 F.3d at 1064. However, the Court denied the habeas corpus petition on the merits in the No. 06 C 5762 case, and the Seventh Circuit denied petitioner's request for a certificate of appealability. *McDonald v. Hulick*, No. 07-1946 (7th Cir. Aug. 9, 2007). Following the completion of the No. 06 C 5762 case, petitioner filed an amended petition under that case number. The Seventh Circuit rejected that attempt holding that this is an unauthorized second or successive petition. *McDonald v. Gaetz*, No. 10-2041 (7th Cir. June 28, 2010).

Despite the Seventh Circuit's 2010 ruling informing petitioner that he is barred by the limitations on second and successive petitions, he has returned to this Court with the present petition challenging the same convictions. The Court has reviewed the docket for the United States Court of Appeals for the Seventh Circuit and did not locate an order from that Court authorizing the present successive petition. Consequently, petitioner is bringing an unauthorized second or successive habeas corpus petition. The petition must be dismissed for want of subject matter jurisdiction under 28 U.S.C. § 2244(b). This order terminates the case but it is a dismissal without prejudice. *See In re African-American Slave Descendants Litig.*, 471 F.3d 754, 763 (7th Cir. 2006) (explaining that a dismissal for want of subject matter jurisdiction is a dismissal without prejudice because the Court lacks authority to consider the case's merits).

Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted, and the filing fee is waived because petitioner is impoverished. The Court may reach the IFP issue despite the dismissal of the petition for want of subject matter jurisdiction because the granting of IFP status does not go to the merits of the case. *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000). Petitioner's motion for counsel (Dkt. No. 4), and any other pending motions are dismissed as moot. Petitioner's present custodian, Mike Atchison, Warden, Menard Correctional Center, is substituted in place of the named respondents, The People of the State of Illinois and Warden IDOC. *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).